STATE OF MAINE
*vs.*
JAMES G. AUSTIN
(TWO CASES)

York.    Opinion, February 20, 1963.

*John J. Harvey,* for the Plaintiff.
*Philip E. Graves,* for the Defendant.

72

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., sat at argument, but retired before the rendition of decision.

SIDDALL, J. On exceptions. These cases involve two indictments against the defendant for cheating by false pretenses. In one, which for convenience we refer to herein as the first indictment, the State charged that the defendant represented that he "would deliver to the said Allen S. Menter a specified number of bank wallets with specified advertising thereon and all within a designated period of time." The pretense charged in the second indictment was in the identical language except that the promise was alleged to have been made to one Myron A. Butler.

The first indictment charged the crime as having been committed on July 14, 1961, and the second indictment charged the crime as having been committed on December 28, 1961. The only significance in these dates is that by legislation effective on September 16, 1961, the statute under which the defendant was indicted was amended by adding thereto the following provision: "A promise, if unconditioned and made without present intention of performance, will constitute a false pretense within this section." P. L. 1961, Chap. 40.

The rule is well established that in the absence of a statute authorizing a prosecution upon a promise made without a present intention of performance, a false pretense to be indictable must be an untrue statement of a past or an existing fact. A false pretense as to future acts or events will not support a conviction for obtaining property under false pretenses.

In the case of State v. Albee, 152 Me. 425, 429, 132 A. (2nd) 559, the court said: "If, as the respondent argues, the

evidence is such that the statements made by the respondent, '. . . pertained to acts which the respondent was to do in the future and were not statements of present existing fact . . . . .' no crime has been committed." In an early case, *State* v. *Mills,* 17 Me. 211, 217, we find the following dictum: "But a pretense, that the party would do an act, he did not mean to do (as a pretense to pay for goods on delivery), is not a false pretense. . . ." See also Wharton's Criminal Law and Procedure, Sec. 589; 35 C. J. S. False Pretenses, Sec. 8; 22 Am. Jur. False Pretenses, Sec. 14.

The pretense alleged in these indictments was nothing more than a promise to fulfill a contract. Prior to the enactment of P. L., 1961, Chap. 40, the failure to perform such a promise was not indictable. After the effective date of this legislation the promise, if unconditional and made without present intention of performance, constituted a false pretense within the meaning of the statute. In such case, however, the State must allege and prove that the promise was unconditional and was made without a present intention to perform. Although the date of the commission of the offense set forth in the second indictment was subsequent to the effective date of its amendment to the statute, the indictment contained no such allegations and is therefore insufficient on demurrer.

We note in passing that both indictments are defective in another respect. Each indictment contains an allegation that the defendant promised to deliver bank wallets "within a designated period of time" without specifying the date of the promised delivery. If the indictments were otherwise sufficient, neither on its face shows that the period of the promised delivery has expired and consequently fails to show the commission of an offense prior to the date of the indictment.

The entry will be in each case

*Exceptions sustained.*